**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FEB 2 2 2005

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                       No. CV-05-0058 JP/LAM
                         CR-02-1359 JP

ANTONIO BENITO-GONZALEZ,

     Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, under 28 U.S.C. § 2255 R. 4(b), for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 27) filed January 18, 2005. Defendant was convicted of reentry by a deported alien previously convicted of an aggravated felony. 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2). He was sentenced to 46 months of imprisonment as a result of the prior aggravated felony conviction. § 1326(b)(2). Judgment was entered on January 14, 2003, and Defendant did not appeal his conviction or sentence.

The motion appears to be barred as untimely filed. As indicated by the dates above, Defendant filed his motion long after expiration of the one-year limitation period in § 2255. His claims are thus barred and must be dismissed unless there is a basis for tolling. *United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec 13, 1999). The Court raises the time bar to this § 2255 motion *sua sponte* and would normally allow Defendant an opportunity to respond. *See Harris v. Champion*, 48 F.3d 1127, 1132 n.4 (10th Cir. 1995) (explaining that court



may *sua sponte* raise abuse of writ doctrine if petitioner is given notice and adequate opportunity to respond); *Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (noting that timeliness was raised *sua sponte* and petitioner allowed to respond); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default).  For the reasons below, however, the Court will dismiss Defendant's motion on the merits.

In his § 2255 motion, Defendant asserts four claims, namely, the Sentencing Guidelines are unconstitutional, certain provisions of 8 U.S.C. § 1326 are unconstitutional, and his sentence and the use of prior convictions violate his Sixth Amendment rights.  He does not deny that he was previously deported after committing an aggravated felony.

Attached to the motion is a photocopied brief that makes arguments under *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  Defendant first argues that, under *Blakely*, the Court's enhancement of his sentence based on prior convictions violated his Sixth Amendment right to a jury trial.  This claim is barred under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury."  *Apprendi*, 530 U.S. at 490; *see also United States v. Soto-Ornelas*, 312 F.3d 1167, 1170 (10th Cir. 2002).  *Blakely* does not overrule the "prior conviction" exception to the *Apprendi* rule.  Furthermore, the recent decision in *United States v. Booker*, --- U.S. ---, No. 04-104, 2005 WL 50108 (U.S. Jan. 12, 2005), which declares the mandatory application of the Sentencing Guidelines unconstitutional, 2005 WL 50108, at *24, applies only to pending cases and those on direct review, 2005 WL 50108, at *29; *see also Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004).  Defendant's case is not on direct review, and his claim

2

under *Blakely* will be denied.

Defendant also argues that, under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Blakely*, certain provisions of 8 U.S.C. § 1326 are unconstitutional. This claim does not survive scrutiny. Defendant was charged, convicted, and sentenced under §§ 1326(a)(1) and (2) and (b)(2), which prohibit reentry by a deported alien. The terms of § 1326(b)(2) provide an increased sentence for a defendant with a prior felony conviction. In *Almendarez-Torres*, the Supreme Court expressly allowed enhancement of a sentence based on prior convictions. 523 U.S. at 246-47. The decision in *Almendarez-Torres* has been criticized but not overruled, *see Apprendi*, 530 U.S. at 489-90, and the Court will dismiss Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 27) filed January 18, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

UNITED STATES DISTRICT JUDGE